UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

    George Sassower                                 Chapter 13
                                                           Case No. 05-23120

                                  Debtor.
------------------------------------------------------X

    George Sassower

                                                          Adv. Pro. No. 05-8730
                                Debtor.

    -against-

    Samuel A. Alito
    Nicholas H. Politan
    Robert Abrams
    Anthony J. Scirica
    Charles L. Brieant
    Citibank, N.A.
    Kreindler & Relkin, P.C.
    William C. Conner
    Francis T. Murphy
    Wilfred Feinberg
    Feltman, Karesh, Major & Farbman
    New York Times
    New York Law Journal
    Alberto R. Gonzales

                                Defendants.
------------------------------------------------------X

## OPINION, ORDER AND INJUNCTION

The above-captioned Bankruptcy Case No. 05-23120 was commenced under Chapter 13 of the Bankruptcy Code on June 1, 2005. The Debtor's petition, schedules and proposed plan represent that he has net assets of just over $100 million (including a non-existent judgment for $100 million), almost no creditors and no income other than social security and family assistance.

On December 2, 2005 the Chapter 13 Trustee, Marianne DeRosa, filed a Motion

to Dismiss the Bankruptcy Case returnable December 15, 2005. The Trustee in her motion alleges, among other things:

3. The Debtor filed the instant case on June 1, 2005. The plan proposed by the debtor, dated July 6, 2005 cannot be confirmed. It proposes to pay sufficient sums to satisfy all "legitimate debts' by tendering the sum of $25 each month and before November 27, 2005 sufficient sums to satisfy those debts. The plan does not contain any provision for payments beyond the November 27, 2005 date. Neither the debtor's schedules, nor his plan provide any evidence of the ability to fund this plan.

4. Ths debtor states his gross monthly income is $600. His only source of income, however, is social security and $60.00 each month from a trust. His budget is bare. His testimony at the Section 341 Meeting of Creditors indicates that he resides in an apartment owned by his daughter and pays her approximately $250 each month for rent. The Debtor does not have sufficient income to provide for food, utilities, clothing, transportation and unreimbursed medical expenses. The debtor does not receive any welfare or social service assistance so one can only assume that his family has provided a safety net to meet his basic needs.

5. The Debtor does not have any disposable income to fund a Chapter 13 plan. His plan cannot be confirmed. A review of the claims register indicates that a priority tax claim has been filed by the Internal Revenue Service in the sum of $1,308.93 and general unsecured claims total $9,559.08. The Debtor has not made pre-confirmation payment under the plan, dated July 6, 2005, that is "sufficient sums to pay all his legitimate debts" before November 27, 2005. The debtor does not have any assets that would permit him to fund a plan. Judgments in Schedule B, Item 15, with a current value of $1,000,000 do not exist.

6. The Debtor's case has been filed for the purpose of pursuing litigation to collect these judgments despite the fact that in every judicial forum he has appeared to press his claim he has done so without any success. The Court is well aware of the Debtor's history of litigation much of which is contained in the opinion and order of Judge Leisure, dated September 8, 1993 referenced in this Court's Sua Sponte Order to Show Cause in an Adversary Proceeding No. 05-8655 filed by the Debtor in this Chapter 13 case.

7. The Chapter 13 plan has not been proposed in good faith, pursuant to 11 U.S.C. 1325 (a)(3). The plan fails to provide for full payment of all claims entitled to priority under 11 U.S.C. 507. The Debtor is not able to make all timely payments under the plan and comply with the plan,

        pursuant to 11 U.S.C. 1325 (a)(6).  The record supports a finding that the Debtor's case must be dismissed under 11 U.S.C. 1307(c)(1), (5) and (6).  The Debtor does not have the ability to confirm any plan under Chapter 13 and any further extensions to file an amended plan would be futile.

8.     The record in this matter supports dismissal with a bar to filing any future cases before the United States Bankruptcy Court for the Southern District of New York without first obtaining leave from this Court.  11 U.S.C. 105.

        The Debtor filed (i) opposition to the Trustee's motion and (ii) his own motion seeking, among other things, to dismiss the motion of the Chapter 13 Trustee and to disqualify myself.  The motions were heard on December 13, 2005 and the Court reserved decision.

        Sassower commenced the above-captioned Adversary Proceeding No. 05-8730 on December 28, 2005 in the Chapter 13 case.  On January 10, 2006 this Court issued a Decision and Order dismissing a prior Adversary Proceeding No. 05-8655 (the "January 10, 2006 Decision").  On February 1, 2006 this Court issued an "Order Concerning This Court's Decision in Adversary Proceeding 05-08655" (1) recognizing that since the Court's Decision and Order dated January 10, 2006 the Debtor filed an additional four motions and (2) ordering that any party that was the "subject or target" of the post-decision motions was not required to respond.  On February 9, 2006 the Court issued an Order Show Cause why Adversary Proceeding No. 05-8730 should not be dismissed (the "February 9 Order to Show Cause").  On February 21, 2006, the Court issued an Order adjourning its February 9 Order to Show Cause to March 14, 2006 apparently in response to an objection by Mr. Sassower regarding adequate notice of the February 9 Order to Show Cause.  On March 10, 2006 the Court issued an Order adjourning without date the February 9 Order to Show Cause in response to a letter by the Debtor's daughter dated March 10, 2006 requesting an adjournment due to an injury which hospitalized the Debtor.

Many months have passed without word from the Debtor as to his ability to appear in response to the pending motions before this Court. On April 3, 2007 the Chapter 13 Trustee filed a letter inquiring as to the status of her motion to dismiss. The Court then issued a sua sponte Order to Show Cause dated April 12, 2007 to determine why Bankruptcy Case No. 05-23120 and Adversary Proceeding No. 05-8730 should not be dismissed pursuant to the previously filed and long-adjourned motions to dismiss. It is these motions to dismiss the Bankruptcy Case and Adversary Proceeding No. 05-8730 that are now before the Court.

On December 28, 2005 the Debtor commenced Adversary Proceeding No. 05-8730 against various government officials, parties and entities alleging misconduct in an almost incomprehensible fashion (similar to his complaint filed in Adversary Proceeding No. 05-8655). Again, suffice it to say that the complaint does not allege any facts demonstrating or even suggesting that any of the defendants engaged in any conduct which had any economic or other impact on Sassower which could possibly give rise to any legal or equitable claim in favor of Sassower against any defendant. Nevertheless, in the "Wherefore" clause Sassower demands the sum of "one hundred million dollars, compensatory and punitive damages."

Again confronted with Sassower's unfounded conclusory accusations and his violation of District Judge Leisure's injunction set forth in 833 F. Supp. 253 (S.D.N.Y. 1993) ("Judge Leisure's Injunction"), the Court issued its February 9, 2006 Order to Show Cause. After adjourning the February 9 Order to Show Cause twice essentially at the Debtor's request, the Court ultimately by its April 12, 2007 Order to Show Cause now addresses the remaining open Adversary Proceeding No. 05-8730 and the Bankruptcy Case.

Because there is no viable claim alleged or even intimated, the complaint in Adversary Proceeding No. 05-8730 must be dismissed for failure to state a claim. As more fully

explained in this Court's January 10, 2006 Decision and Order it is also clear that Sassower's complaint in Adversary Proceeding 05-8730 also violates Judge Leisure's Injunction.

## ORDER

Upon the foregoing, it is hereby

**ORDERED** that Adversary Proceeding No. 05-8730 is dismissed with prejudice on the merits for failure to state a claim and violation of Judge Leisure's Injunction; and it is further

**ORDERED** that Bankruptcy Case No. 05-23120 is dismissed for failure to provide for full payment of all claims entitled to priority under 11 U.S.C. § 507; for failure to make timely payments under a plan and to comply with a plan pursuant to 11 U.S.C. § 1325(a)(6); for "unreasonable delay by the debtor that is prejudicial to creditors" under 11 U.S.C. § 1307 (c)(1); for failing to propose a Chapter 13 plan in good faith pursuant to §1325(a)(3); and for a bad faith filing; and it is further

## INJUNCTION

**ORDERED** that the Debtor is prohibited from filing any petition in any Bankruptcy Court under any chapter of the Bankruptcy Code without first filing a motion in this Court seeking permission and obtaining an Order of this Court permitting such filing for good cause shown.

Dated: White Plains, NY
      May 3, 2007

                                      /s/Adlai S. Hardin, Jr.
                                              U.S.B.J.